1 | Bryana L. Blessinger, WSBA #42308
E-mail: bryana.blessinger@bullivant.com
2 | BULLIVANT HOUSER BAILEY PC
300 Pioneer Tower
3 | 888 SW Fifth Avenue
Portland, Oregon 97204-2089
4 | Telephone: 503.228.6351
Facsimile: 503.295.0915
5 |
Attorneys for Plaintiff
6 |

7 |

8 | IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
9 | AT RICHLAND

10 |

11 | CINCINNATI INSURANCE
COMPANY,
12 |                                        No.: 4:16-cv-05090-LRS
              Plaintiff,
13 |                                        PLAINTIFF'S RESPONSE TO
        v.                                 DEFENDANT'S MOTION FOR
14 |                                        SUMMARY JUDGMENT
     HARRY JOHNSON PLUMBING &
15 | EXCAVATION, INC.,
                                           **Hearing Date: October 24, 2016**
16 |          Defendant.                    **Time: 2:30 p.m.**
                                           **With Oral Argument**
17 |

18 |     Plaintiff, Cincinnati Insurance Company ("CIC") hereby responds to

19 | Defendant Harry Johnson Plumbing & Excavation, Inc.'s ("HJPE") Motion for

20 | Summary Judgment as follows:

21 |                    **I. SUMMARY OF RESPONSE**

22 |     As set forth in more detail below, CIC hereby requests that this Court deny

23 | HJPE's Motion for Summary Judgment for the following reasons:

24 |     1.    HJPE's Motion for Summary Judgment is premature. Material

25 | questions of fact exist as to: (1) whether HJPE ever owned the 14H Grader for

26 |

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION    PAGE 1    **Bullivant|Houser|Bailey PC**
FOR SUMMARY JUDGMENT
                                                        300 Pioneer Tower
                                                        888 SW Fifth Avenue
                                                        Portland, Oregon 97204-2089
                                                        Telephone: 503.228.6351

which it seeks coverage; (2) whether a 14H Grader was ever stolen from HJPE's project site on or about September 4, 2015; and (3) the true value of the grader that was allegedly stolen. Pursuant to Fed. R .Civ. Pro. 56(d), CIC respectfully requests that the Court either deny HJPE's motion or defer considering the motion until the parties have an opportunity to engage in meaningful discovery.

2.    The Concealment, Misrepresentation or Fraud exclusion applies to exclude coverage based on HJPE's material misrepresentations to CIC.

3.    HJPE has not asserted prejudice or bad faith as required for estoppel under Washington's "mend the hold" doctrine; thus this argument is irrelevant.

4.    CIC is not attempting to rescind the policy; rather it denied coverage based on a lack of evidence that HJPE ever owned a 14H Grader, or that a 14H Grader was stolen from HJPE's project site on or about September 4, 2015. CIC further relies on multiple policy exclusions, including the Concealment, Misrepresentation, and Fraud exclusion, as an additional bar to coverage.

5.    CIC did not waive its right to deny coverage under the policy when it offered to settle a claim for the 12G Grader because the terms and coverage of a policy cannot be expanded through the doctrines of waiver and estoppel.

## II. RESPONSE TO MOTION FOR SUMMARY JUDGMENT

### A.    Motion for Summary Judgment standard for review

Pursuant to Fed. R. Civ. Pro. 56, a moving party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

PAGE 2

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

1  rational trier of fact to find for the non-moving party.[1]  "Conversely, a genuine

2  dispute over a material fact exists if there is sufficient evidence supporting the

3  claimed factual dispute, requiring a judge or jury to resolve the differing versions

4  of the truth."[2]  When considering a motion for summary judgment, a court may not

5  weigh the evidence nor assess credibility; instead, "the evidence of the non-movant

6  is to be believed, and all justifiable inferences are to be drawn in his favor."[3]

7  **B.     HJPE's motion should be dismissed because a genuine dispute of
          material fact exists.**

8

9  HJPE alleges in its Motion for Summary Judgment that CIC's declaratory

10 action can be decided as a matter of law, without factual inquiry.  HJPE's

11 contention is without merit.

12 CIC's declaratory action centers around two main issues of material fact: (1)

13 whether HJPE ever owned a 14H Grader; and (2) whether HJPE's alleged 14H

14 Grader was stolen from a project site on or about September 4, 2015.[4]  CIC

15 contends that the answer to both questions is no.[5]  If HJPE never owned a 14H

16 Grader and/or a 14H Grader was never stolen, HJPE cannot be entitled to coverage

17 under the policy.  HJPE disputes CIC's contention and alleges that it did, in fact,

18

19 [1] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct.
   1348, 89 L.Ed.2d 538 (1986).

20 [2] *Rynning v. W.J. Bradley Mortgage Capital LLC*, 2016 WL 792785, *2 (W.D.
21 Wash. March 1, 2016) (slip copy).

22 [3] *Old Standard Life Ins. Co. v. Pacific Ins. Co., Ltd.*, 2007 WL 128350, *1 (E.D.
   Wash. Jan. 11 (2007) (not reported), *citing Anderson v. Liberty Lobby, Inc.*, 477
23 U.S. 242, 255 (1986).

24 [4] Moreover, CIC alternatively contends that HJPE has misrepresented the true
   value of the 14H Grader which was allegedly stolen.

25 [5] CIC's support for its contentions is set forth more fully in its accompanying
26 Statement of Facts.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION          PAGE 3     **Bullivant|Houser|Bailey PC**
FOR SUMMARY JUDGMENT
                                                                300 Pioneer Tower
                                                                888 SW Fifth Avenue
                                                                Portland, Oregon  97204-2089
                                                                Telephone: 503.228.6351

own a 14H Grader which was stolen on or about September 4, 2015. Thus, material issues of fact exist, and HJPE's Motion for Summary Judgment should be dismissed.

**C.     HJPE's Motion for Summary Judgment is premature.**

Fed. R. Civ. Pro. 56(d) states that when additional facts are necessary to make a ruling on a Motion for Summary Judgment, the court may either:

> (1)     defer considering the motion or deny it;
>
> (2)     allow time to obtain affidavits or declarations or to take discovery; or
>
> (3)     issue any other appropriate order.[6]

CIC filed its Complaint on July 6, 2016.[7] HJPE responded with its Answer, Affirmative Defenses, and Counterclaims on July 15, 2016.[8] HJPE then filed this Motion for Summary Judgment on August 4, 2016; less than one month after the Complaint was filed.[9]

No discovery has taken place at this time. Although CIC recently served subpoenas, deposition notices, and written discovery requests on HJPE, it has not yet had an opportunity to depose any witnesses or review any responsive documents.[10] Further, HJPE's Initial Disclosures, produced to CIC on August 23, 2016, identify a number of additional "persons with knowledge" of the alleged

---

[6] Fed. R. Civ. Pro. 56(d).

[7] CIC's Complaint, Dkt. # 1.

[8] HJPE's Answer, Affirmative Defenses, and Counterclaims, Dkt # 4.

[9] HJPE's Motion for Summary Judgment, Dkt # 9-11.

[10] Blessinger Declaration, ¶ 2.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

PAGE 4

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

1  theft.[11]

2  CIC respectfully requests that this Court either dismiss HJPE's motion or
3  defer considering it until the parties have had an opportunity to engage in
4  meaningful discovery.

5  **D.    The Concealment, Misrepresentation, or Fraud ("CMF") exclusion
   applies to HJPE's Policy.**
6

7  HJPE alleges that CIC cannot deny coverage based on the Concealment,
8  Misrepresentation, or Fraud ("CMF") exclusion in the Commercial Inland Marine
9  Conditions Washington endorsement because "that endorsement does not amend
10 the Commercial[12] Equipment (And Tools) Coverage Form Washington policy."[13]
11 HJPE's position is inconsistent with a plain reading of the policy, and with
12 established Washington law.

13      **1.    Policy interpretation under Washington law**

14 Washington courts may not strain to find an ambiguity in an insurance
15 contract where none exists, nor may they modify clear and unambiguous language
16 in the guise of construing the policy.[14]  Nevertheless, HJPE attempts to create a
17 non-existent ambiguity by citing to cases from other jurisdictions in support of its
18 theory that "an endorsement has no application to the entire policy it purports to

19

20

---

21 [11] Blessinger Declaration, ¶ 7.

22 [12] HJPE refers to the coverage part as "Commercial Equipment (And Tools)."  CIC
23 notes that the coverage part is actually called "Contractors' Equipment (And
   Tools)."

24 [13] HJPE's Motion for Summary Judgment, Dkt # 9, p. 2.

25 [14] *Farmers Home Mut. Ins. Co. v. Ins. Co. of N. Am.*, 20 Wash.App. 815, 583 P.2d
26 644 (1978).

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION          PAGE 5      **Bullivant|Houser|Bailey PC**
FOR SUMMARY JUDGMENT
                                                                300 Pioneer Tower
                                                                888 SW Fifth Avenue
                                                                Portland, Oregon  97204-2089
                                                                Telephone: 503.228.6351

1  modify."[15]

2      CIC notes, as an initial matter, that the fact patterns in the Florida and

3  Louisiana cases cited by HJPE are distinguishable from this case.  For instance, in

4  *Carter v. Imperial Fire & Cas. Ins. Co.*, the endorsement contained a prior policy

5  number, and was not amended to reflect the new policy number when the policy

6  was reissued.[16]  As set forth in detail below, the Commercial Inland Marine

7  Conditions Washington endorsement unequivocally applies to the CIC policy

8  issued to HJPE.

9      More importantly, under Washington law, "[e]very insurance contract shall

10  be construed according to the entirety of its terms and conditions as set forth in the

11  policy, and as amplified, extended, or modified by any rider, endorsement, or

12  application attached to and made a part of the policy."[17]  Where possible,

13  Washington courts "harmonize clauses that seem to conflict in order to give effect

14  to all of the contract's provisions."[18]

15      For example, in *Pacific West Securities, Inc. v. Ill. Union Ins. Co.*,[19] the

16  insurance policy stated, "the following forms and endorsements are attached hereto

17  and are a part of this policy."[20]  The court concluded that, based on the inclusive

18

19

---

20  [15] HJPE's Motion for Summary Judgment, Dkt # 9, p. 3.

21  [16] 801 So.2d 586 (La.App. 3 Cir. 12/12/01).

22  [17] RCW 48.18.520.

23  [18] *Kut Suen Lui v. Essex Ins. Co.*, 2016 WL 3320769, *3 (S.Ct. Wash. June 9,
24  2016).

25  [19] 2012 WL 37635551 (W.D. Wash. Aug. 29, 2012) (Not Reported in F.Supp.2d).

26  [20] *Id*. at *5.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT    PAGE 6    **Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

policy language, the endorsements became a part of the entire contract.[21]  In *Kut Suen Lui v. Essex Ins. Co.*,[22] the Court interpreted an endorsement which asked the insured to read the endorsement carefully because it changed the terms of the policy.  The Court stated that "[b]ecause the endorsement changes the terms of the underlying insurance policy, the terms of the endorsement control."[23]

### 2.    CIC policy language

CIC issued policy number ENP0227281, with effective dates of December 31, 2014 to December 31, 2015 (the "Policy") to HJPE.[24]  The CIC policy Common Policy Declarations page provides, in relevant part:

> IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.
>
> FORMS APPLICABLE TO ALL COVERAGE PARTS:
>
> IL0146        08/10        WASHINGTON COMMON POLICY CONDITIONS
>
> * * *
>
> MA559        05/10        CONTRACTORS' EQUIPMENT (AND TOOLS) COVERAGE PART DECLARATIONS[25]

The Common Policy Conditions page states, "All Coverage Parts included in

---

[21] *Id*.

[22] *Kut Suen Lui v. Essex Ins. Co.*, 2016 WL 3320769, (S.Ct. Wash. June 9, 2016).

[23] *Id*.

[24] Statement of Facts, ¶ 14.

[25] Statement of Facts, ¶ 15.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

PAGE 7

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

this policy are subject to the following conditions."[26]  The Contractors' Equipment (And Tools) form is unambiguously a "coverage part" under the policy; hence it is subject to the Common Policy Conditions.

The Contractors' Equipment (And Tools) coverage part provides:

**FORMS AND/OR ENDORSEMENTS APPLICABLE TO CONTRACTORS' EQUIPMENT (AND TOOLS)**

MA108WA          06/07          CONTRACTORS' EQUIPMENT (AND TOOLS) COVERAGE FORM WASHINGTON

MA135WA          02/12          COMMERCIAL INLAND MARINE CONDITIONS WASHINGTON

MA4061WA          02/12          WASHINGTON CHANGES[27]

Thus, the Commercial Inland Marine Conditions Washington endorsement, which HJPE argues is not applicable, explicitly applies to the Contractors' Equipment (And Tools) coverage part.  The applicability of the endorsement is further evidenced by SECTION B VALUATION of the Contractors' Equipment (And Tools) coverage part, which specifically references both the Commercial Inland Marine Conditions, General Conditions and the Commercial Inland and Marine Conditions, Loss Conditions.[28]

The Commercial Inland Marine Conditions Washington endorsement states, in relevant part:

THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY.

* * *

---

[26] Statement of Facts, ¶ 15.

[27] Statement of Facts, ¶ 16.

[28] Statement of Facts, ¶ 18.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT          PAGE 8          **Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

> The following conditions apply in addition to the Common Policy Conditions and applicable Additional Conditions in Commercial Inland Marine Coverage Forms.  These conditions replace any similar conditions or clauses in any Commercial Inland Marine Coverage forms:[29]

In its Motion for Summary Judgment, HJPE attempts to argue that the endorsement cannot apply to the Contractors' Equipment (And Tools) coverage part because it references a "Commercial Inland Marine" policy.[30]  HJPE states that CIC's interpretation of the Contractors' Equipment (And Tools) policy is irrelevant, and that:

> [A]n average purchaser of inland marine coverage would expect the policy to cover risks inherent with land transportation of goods, as is typical of such policies, not commercial equipment for which they purchased a separate policy.[31]

Yet in paragraph 2.5 of HJPE's Counterclaims, HJPE states:

> At the time of the loss, HJPE was insured under an Inland Marine policy issued by CIC.  The Caterpillar 14H grader was one of a number of pieces of equipment that were scheduled on the CIC policy.[32]

CIC does not contest that insurance contracts are interpreted according to the way they would be understood by the average insurance purchaser.[33]  Yet here, by its own admission, HJPE clearly understands that the policy issued by CIC is an inland marine policy.

---

[29] Statement of Facts, ¶ 20.

[30] HJPE's Motion for Summary Judgment, Dkt # 9, pp. 4-5.

[31] *Id*.

[32] HJPE's Answer, Affirmative Defenses, and Counterclaims, Dkt # 4, ¶ 2.5.

[33] *Nichols v. CNA Ins. Co.*, 57 Wash.App. 397, 788 P.2d 594 (1990).

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

PAGE 9

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

1    **3.    The endorsement applies.**

2        The courts in *Pacific West Securities* and *Kut Suen Lui* upheld the

3   applicability of endorsements in policies with language consistent with the

4   language set forth in the CIC policy above.  Thus, due to the CIC policy's clear

5   and unambiguous terms, the Commercial Inland Marine Conditions Washington

6   endorsement applies to effectively limit or bar coverage under the policy.

7   **E.    CIC is not precluded from asserting other bases for denying HJPE's**
    **claim.**

8

9        HJPE alleges that CIC is precluded from asserting any bases for denial of

10  coverage other than the CMF exclusion discussed above under the "mend the hold"

11  doctrine.  Under Washington law, the "mend the hold" doctrine may be invoked to

12  preclude insurers from introducing new or changed bases for denying insurance

13  coverage once litigation has commenced.[34]  To prevail under this form of estoppel,

14  the insured must demonstrate that: (1) it suffered prejudice; or (2) "the insurer

15  acted in bad faith when the insurer failed to raise all its grounds for denial in its

16  initial denial letter."[35]  When an insured fails to allege prejudice or bad faith,

17  estoppel is not available.[36]

18      Here, HJPE has not alleged prejudice or bad faith; thus its claim for estoppel

19  fails as a matter of law.  Even if HJPE properly alleged prejudice or bad faith, its

20  claim that CIC's declination letter and Complaint rely solely on the CMF exclusion

21  as its basis to deny coverage is factually inaccurate.

22  _____

23  [34] *Karpenski v. American General Life Co., LlC*, 999 F.Supp.2d 1235, 1245 (W.D. Wash. 2014).

24  [35] *Hayden v. Mutual of Enumclaw Ins. Co.*, 141 Wash.2d 55, 63, 1 P.3d 1167
25  (2000).

26  [36] *Id*.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION    PAGE 10    **Bullivant|Houser|Bailey PC**
FOR SUMMARY JUDGMENT

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

1    CIC's declination letter sets forth a number of policy provisions which may

2  operate to limit or deny coverage under the policy.  In addition to the CMF

3  exclusion, CIC references: (1) an exclusion for criminal, fraudulent, or dishonest

4  acts; and (2) an exclusion for missing property.[37]  Further, although the declination

5  letter identifies these exclusions, it states:

6           In short, there is no evidence that HJPE owned a 14H
            Grader, and, therefore, CIC must deny coverage for
7           HJPE's claim.

8           * * *

9           Based on all of the above, CIC has concluded that HJPE
            did not own a 14H Grader at the time of loss.  Therefore,
10          CIC must deny coverage for HJPE's claim.[38]

11    This ultimate conclusion that HJPE did not own a 14H Grader is consistent

12  with CIC's Complaint.  In its Complaint, CIC sets forth the following allegations:

13          15.    Mr. Johnson breached the Concealment,
            Misrepresentation or Fraud condition by, among other
14          things: (a) intentionally providing a false account of the
            alleged purchase of a 14H Grader; (b) intentionally
15          providing a false account of the alleged occurrence of a
            theft of a 14H Grader from a jobsite in Whitman County,
16          Washington; (c) intentionally providing false information
            on HJPE's proof of loss regarding the allegedly stolen
17          grader's purchase price, actual value, and year of
            purchase.
18
            16.    HJPE cannot meet its burden of proving (a) that it
19          owned a 14H Grader; (b) the occurrence of a theft of a
            14H Grader on or about September 4, 2015 from its
20          jobsite in Whitman County, Washington.

21          17.    CIC has reserved its rights to assert additional
            grounds for declination that are supported by the law or
22          evidence.[39]

23
   _____
24 [37] Sheldon Affidavit, Dkt. # 11, Ex. A, pp. 4-5.

25 [38] Sheldon Affidavit, Dkt. # 11, Ex. A, pp. 13-14.

26 [39] CIC Complaint, Dkt. # 1, ¶¶ 15-17.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION          PAGE 11    **Bullivant|Houser|Bailey PC**
FOR SUMMARY JUDGMENT
                                                                300 Pioneer Tower
                                                                888 SW Fifth Avenue
                                                                Portland, Oregon  97204-2089
                                                                Telephone: 503.228.6351

1      Accordingly, CIC's basis for denial is not limited to the CMF exclusion;

2 rather its primary basis for denial is the lack of evidence that HJPE *ever owned* a

3 14H Grader.  Although CIC has not attempted to assert additional bases for

4 denying HJPE's claim, CIC is not precluded from doing so in the future.

5 **F.**      **CIC is not rescinding HJPE's policy, and is not required to tender back**

     **HPJE's premium.**

6

7      Although a tender back of premiums is a condition precedent to maintaining

8 an action to rescind an insurance policy on the ground of fraud or

9 misrepresentation, tender of payment is not required if the defrauded party elects

10 not to rescind the contract.[40]  For example, in *Gossett v. Farmers Ins. Co. of*

11 *Washington*, the court stated:

12      Farmers has not sought to rescind the insurance contract,
     and accordingly tender back of premiums would not be

13      required even if Farmers alleged fraud or
     misrepresentation.  Regardless, the issue we address here,

14      Farmers' challenge to the nature and extent of the
     Gossetts' insurable interest, does not require tender back

15      of premiums before assertion by Farmers.[41]

16      Payment of insurance premiums does not give rise to an insurable interest on

17 property that is not owned by the insured.[42]  Here, as in *Gossett*, CIC is not

18 attempting to rescind the policy; rather, it is challenging the nature and extent of

19 HJPE's alleged insurable interest in one specific piece of equipment, the 14H

20 Grader.  Consequently, HJPE's argument is irrelevant.

21

22

---

23 [40] *Gossett v. Farmers Ins. Co. of Washington*, 133 Wash.2d 954, 974, 948 P.2d 1264 (1997).

24 [41] *Id*.

25 [42] *Gossett v. Farmers Ins. Co. of Washington*, 133 Wash.2d 954, 969, 948 P.2d

26 1264 (1997).

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION      PAGE 12      **Bullivant|Houser|Bailey PC**
FOR SUMMARY JUDGMENT

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

1  **G.  CIC did not waive its coverage defenses when it offered to settle a claim for the 12G Grader.**

2

3    Waiver is the voluntary or intentional relinquishment of a known right.[43]

4 With respect to waiver, Washington follows the majority rule that the terms and

5 coverage of a policy may not be expanded through the doctrines of waiver and

6 estoppel.[44]  In *Underwriters at Lloyds v. Denali Seafoods, Inc.* the court stated:

7        An insurer may be estopped from relying on a policy
         defense such as late notice, lack of cooperation by the
8        insured, or termination of the policy.  These defenses are
         not related to the coverage content.  But in this case,
9        intervenors seek to alter the terms of the policy itself by
         in effect removing the policy exclusions of coverage for
10       processors.  This is the exact type of policy reformation
         prohibited by *Sullivan* and *Carew*.[45]

11

12    Likewise, in *Transamerica Ins. Group v. Chubb and Son, Inc.*, the court

13 refused to consider the insured's waiver argument, holding that an insurance

14 company cannot waive policy coverage issues.[46]  The court stated, "[t]here is no

15 question of waiver because if there was no coverage, [the insurer] had nothing to

16 waive."[47]

17    HJPE alleges that "[n]o later than January 15, 2016, CIC was aware of all of

18

19

20 [43] *Underwriters at Lloyds v. Denali Seafoods, Inc.*, 927 F.2d 459, 462 (9th Cir.
21 1991).

22 [44] *Underwriters at Lloyds v. Denali Seafoods, Inc.*, 729 F.Supp 721, 726 (W.D. Wash. 1989).

23 [45] *Id*. at 727.

24 [46] 16 Wash.App. 247, 253, 554 P.2d 1080 (1976), *rev. denied*, 88 Wash.2d 1015
25 (1977).

26 [47] *Id*.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION   PAGE 13   **Bullivant|Houser|Bailey PC**
FOR SUMMARY JUDGMENT
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

1 the facts that it relied upon to void the policy according to the CMF provision."[48]

2 HJPE is incorrect.

3      In fact, CIC conducted additional investigation in January and February

4 which led CIC to believe that HJPE only owned one grader, a 12G Grader.[49]

5 Accordingly, CIC offered coverage for a 12G Grader (to the extent that one was

6 stolen) because, after extensive investigation, CIC was unable to confirm the

7 existence or theft of a 14H Grader.  Following CIC's offer for the 12G Grader in

8 March 2016, CIC confirmed that HJPE was still in possession of the 12G Grader,[50]

9 and subsequently issued its declination letter.  CIC's good-faith attempt to provide

10 coverage for property actually owned by HJPE does not, and can not, constitute a

11 waiver of policy defenses with respect to a 14H Grader that HJPE never owned.

12 ### III. CONCLUSION

13      For the reasons set forth above, CIC respectfully requests that this Court

14 deny HJPE's Motion for Summary Judgment.

15      DATED:  August 25, 2016

16                          BULLIVANT HOUSER BAILEY PC

17

18                          By *s/Bryana L. Blessinger*

19                             Bryana L. Blessinger, WSBA #42308
                            E-mail:  bryana.blessinger@bullivant.com

20                          Attorneys for Plaintiff

21

22

23

24 [48] HJPE's Motion for Summary Judgment, Dkt # 9, p. 8.

25 [49] Otterson Declaration, ¶¶ 6-12.

26 [50] Otterson Declaration, ¶ 17.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT          PAGE 14    **Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on the 25th day of August, 2016, I caused to be served

3

4

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY

5

JUDGMENT by electronically filing with the Clerk of the Court using the

6

CM/ECF System, which will send notification of such filing to all attorneys of

7

record including:

8

9

Brian S. Sheldon
Phillabaum Ledlin Matthews & Sheldon, PLLC

10

1235 N Post St., Ste. 100
Spokane, WA  99201-2529

11

(509) 838-6055
(509) 625-1909

12

bsheldon@spokelaw.com

13

14

Attorneys for Defendant

15

I declare under penalty of perjury under the laws of the United States on

16

August 25, 2016, at Portland, Oregon.

17

18

19

*s/ Cheri Stinson*

20

Cheri Stinson
Legal Assistant to Bryana Blessinger

21

22

4842-4151-1478.1

23

24

25

26

CERTIFICATE OF SERVICE

PAGE 1

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351