Brian S. Sheldon, WSBA #32851
Phillabaum Ledlin Matthews
& Sheldon, PLLC
1235 North Post Street, Suite 100
Spokane, Washington 99201
509-838-6055
509-625-1909 - Fax
bsheldon@spokelaw.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, | NO.   4:16-CV-05090-LRS |
| Plaintiff, | DEFENDANT'S TRIAL BRIEF |
| v. | |
| HARRY JOHNSON PLUMBING & EXCAVATION, | |
| Defendant. | |

COMES NOW defendant, HARRY JOHNSON PLUMBING & EXCAVATION ("HJPE"), by and through Brian Sheldon and Phillabaum Ledlin Matthews & Sheldon, PLLC, its attorneys, and submits the following trial brief:

## I. FACTUAL BACKGROUND

HJPE asserts that its 14H motor grader was stolen from a job site in Whitman County on or around September 4, 2015. The grader was a scheduled piece of heavy equipment on an Equipment (and Tools) policy issued by CIC.

CIC denied coverage for the loss asserting that HJPE intentionally misrepresented its ownership of the grader and intentionally misrepresented that the grader was stolen. HJPE denies CIC's allegations.

DEFENDANT'S TRIAL BRIEF - 1

PHILLABAUM LEDLIN MATTHEWS
& SHELDON, PLLC
ATTORNEYS AT LAW
1235 NORTH POST STREET, SUITE 100
SPOKANE, WASHINGTON  99201
TELEPHONE (509) 838-6055

## II. LEGAL ISSUES

1. <u>HJPE is entitled to a jury trial on CIC's declaratory judgment action and on its counterclaims.</u>

In a declaratory relief action, as in other civil actions, a party has "an absolute right to a jury trial *unless a jury has been waived*." *Kam Ko Bio Pharm Trading Co. Ltd. Australasia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 942 (9th Cir. 2009). Defendants are also entitled to a jury trial on Plaintiff's claim for declaratory judgment because the issues are legal in nature. <u>See</u>, *Simler v. Conner,* 372 U.S. 221, 223, 83 S. Ct. 609, 9 L. Ed.2d 691 (1963) (The fact that the action is in form a declaratory judgment case should not obscure the essentially legal nature of the action.); *Burdette v. Emerald Partners LLC*, No. C15 0816 JCC, 2015 WL 4394859, at *3 (W.D. Wash. July 16, 2015).

A defendant in a declaratory judgment action is entitled to a jury trial if it would have been so entitled had it initiated the action. *Hartford Fire Ins. Co. v. Herrald*, 483 F. 2d 426 (9th Cir. 1973):

> In *Beacon*, 359 U.S. at page 510, 79 S.Ct. at 956, 3 L.Ed.2d 988, the court indicated that a trial court has a limited discretion to order a trial first on the equitable issues, saying:
>
> 'If there should be cases where the availability of declaratory judgment or joinder in one suit of legal and equitable causes would not in all respects protect the plaintiff seeking equitable relief from irreparable harm while affording a jury trial in the legal cause, the trial court will necessarily have to use its discretion in deciding whether the legal or equitable cause should be tried first. Since the right to jury trial is a constitutional one, however, while no similar requirement protects trials by the court, 17 (17 See *Hurwitz v. Hurwitz*, 78 U.S.App. D.C. 66, 136 F.2d 796, 798-799, 148 A.L.R. 226; cf. *The Genesee Chief v. Fitzhugh,* 12 How. 443, 459-460, 13 L.Ed. 1058.) that discretion is very narrowly limited and must, wherever possible, be exercised to preserve jury trial.

*DePinto v. Provident Sec. Life Ins. Co.*, 323 F.2d 826, 839 (9th Cir. 1963).

DEFENDANT'S TRIAL BRIEF - 2

PHILLABAUM LEDLIN MATTHEWS
& SHELDON, PLLC
ATTORNEYS AT LAW
1235 NORTH POST STREET, SUITE 100
SPOKANE, WASHINGTON  99201
TELEPHONE (509) 838-6055

The plaintiff cannot force a defendant to try a cause of action at law which he possesses before a court without a jury simply because the petition asks equitable relief. *Schaefer v. Gunzburg*, 246 F.2d 11, 15 (9th Cir. 1957).

2. <u>CIC must prove by clear, cogent and convincing evidence that HJPE made intentional misrepresentations.</u>

Since intentional misrepresentation is an affirmative defense, the burden of proof is on defendant. *Queen City Farms, Inc. v. Cent. Nat. Ins. Co. of Omaha*, 126 Wash. 2d 50, 97, 882 P.2d 703, 728 (1994), as amended (Sept. 29, 1994), as clarified on denial of reconsideration (Mar. 22, 1995). Misrepresentation in obtaining insurance must be proved by clear, cogent, and convincing evidence. *Id.; see also Beckendorf v. Beckendorf,* 76 Wash.2d 457, 462, 457 P.2d 603 (1969). The standard of proof is a high one, requiring "that the trier of fact be convinced that the fact in issue is 'highly probable'." *Colonial Imports, Inc. v. Carlton Northwest, Inc.,* 121 Wash.2d 726, 735, 853 P.2d 913 (1993).

When alleged misrepresentations during the claim investigation relate to the same alleged misrepresentations in the application process, the same clear, cogent and convincing standard applies." *Espinoza v. Amer. Commerce Ins. Co.*, 184 Wn. App. 176, 201, 336 P.3d 115 (2014). When an allegation of lack of insurable interest is incidental to the insurer's allegation of misrepresentation, the insurer still bears the burden of proving misrepresentation. *Samaha v. Farmers' Fire Ins. Co. Of New York, Pa.,* 84 N.J.L. 731, 87 A. 442 (1913).

In *Espinoza*, the insurer denied coverage for a house fire, alleging that the insured made misrepresentations regarding the primary heating source in the Espinoza's home (baseboard vs. space heaters). The insurer asserted that the insured made these misrepresentations both in the application for insurance and during the

DEFENDANT'S TRIAL BRIEF - 3

PHILLABAUM LEDLIN MATTHEWS
& SHELDON, PLLC
ATTORNEYS AT LAW
1235 NORTH POST STREET, SUITE 100
SPOKANE, WASHINGTON  99201
TELEPHONE (509) 838-6055

coverage investigation. The insurer conceded that it was required to prove intentional misrepresentation in the application by clear, cogent and convincing evidence, but argued that misrepresentations regarding the same information during the claim investigation need only be proven by preponderance of the evidence. The appellate court disagreed, stating that the argument was a "classic distinction without a difference" and that the higher standard applied to both alleged misrepresentations.

The same is true here. CIC has asserted that HJPE misrepresented its ownership and the value of a 14H grader both in the application process and during the claim investigation. CIC must prove its assertion by clear, cogent and convincing evidence.

3. <u>CIC must prove that HJPE did not own the 14H grader.</u>

A determination of coverage involves two steps: first, "[t]he insured must show the loss falls within the scope of the policy's <u>insured losses</u>." *Moeller v. Farmers Ins. Co. of Wash.,* 173 Wash.2d 264, 271–72, 267 P.3d 998 (2011) (emphasis added). Then, in order to avoid coverage, the insurer must "show the loss is excluded by <u>specific policy language</u>." *Id.* See also, *Walla Walla College v. Ohio Cas. Ins. Co.,* 149 Wn. App. 726, 204 P.3d 961 (2009) ( The party asserting coverage under an insurance policy bears the burden of proving the loss is a <u>covered occurrence</u>. The insurer then bears the burden of showing an exclusion to coverage under an insurance policy applies to a claimed loss).

The CIC policy states:

**SECTION A. COVERAGE**

We will pay for direct physical "loss" to Covered Property Described in the "Declarations" caused by or resulting from any Covered Cause of Loss.

**1.    Covered Property**

DEFENDANT'S TRIAL BRIEF - 4

We cover the following property <u>unless the property is excluded or subject to limitations</u>. (Emphasis added).

\*\*\*

 **b.** **Schedule on File** - When Schedule on File is indicated in the "Declarations," we cover direct physical "loss" covered by a Covered Cause of Loss to:

  **(1)** Your "contractors' equipment"; and

  **(2)** "Contractors' equipment" of others in your care, custody or control;

that are listed in a schedule which you must submit to us and we keep on file. The schedule must contain a description of each item to be covered and a "limit" for each item.

ECF No. 1, Ex. A

The HJPE declarations state "Schedule on File." HJPE provided a list of scheduled equipment containing a description of the equipment and a "limit" as required by CIC.

As the policy clearly states, scheduled equipment is covered unless an exclusion or limitation applies.

Because HJPE's grader was a scheduled piece of equipment on the policy (that is, covered property), the burden shifts to CIC to prove (1) an applicable exclusion applies. CIC asserts that the loss is not covered because the misrepresentation exclusion applies. The misrepresentation exclusion applies, according to CIC, because HJPE did not own the grader. CIC bears the burden of proving its allegation.

DEFENDANT'S TRIAL BRIEF - 5

PHILLABAUM LEDLIN MATTHEWS
& SHELDON, PLLC
ATTORNEYS AT LAW
1235 NORTH POST STREET, SUITE 100
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 838-6055

      4.    <u>CIC has burden of proving lack of insurable interest</u>.

Initially, CIC's claim that HJPE lacked an insurable interest in the stolen grader is merely another way of saying that HJPE misrepresented the ownership or failed to provide proof of ownership. Nonetheless, since CIC has attempted to distinguish the defenses, it is addressed here.

The lack of an insurable interest is an affirmative defense, to be pleaded and proven by the Defendant. *Briggs v. Madison*, 195 Wn.2d 612, 619, 82 P.2d 113 (1938); see also *Chase Automotive Finance Corp. v. Allstate Ins. Co.* 280 A.D.2d 761, 721 N.Y.S.2d 116 (2003); *Weissman v. Galway Const. Corp.* 239 A.D.2d 410, 659 N.Y.S.2d 42 (1997); *Rickert v. Travelers Ins. Co.* 159 A.D.2d 758, 551 N.Y.S.2d 985 (1990).

It is generally held where the insurer attacks the title of the property insured, the burden is on the insurer to show that the insured did not own the property. *Gatti v. Am. Bankers Ins. Co. of Fla.*, 164 So. 2d 840, 842 (Fla. Dist. Ct. App. 1964). Where a prima facie case of ownership or insurable interest is established, as by proving the issuance of a policy on the property to plaintiff, it then devolves on the insurer to prove its contention that plaintiff was not the owner of the property or had no insurable interest thereon. *Wells Chevrolet Co. v. Pac. Fire Ins. Co.*, 161 Wash. 1, 13, 296 P. 177, 181 (1931).

Policies of insurance are to be upheld when possible and provisions therein written are to be construed against the insurer, and the burden of proving the title of the insured is upon the company. *Palmetto Fire Ins. Co. v. Fansler*, 143 Va. 884, 129 S.E. 727 (Va. 1925).

CIC has asserted that HJPE had no insurable interest in the stolen grader and must carry the burden of proof on its assertion.

DEFENDANT'S TRIAL BRIEF - 6

PHILLABAUM LEDLIN MATTHEWS
& SHELDON, PLLC
ATTORNEYS AT LAW
1235 NORTH POST STREET, SUITE 100
SPOKANE, WASHINGTON  99201
TELEPHONE (509) 838-6055

5. <u>CIC is precluded from basing its denial of the claim on information that it did not request during the underwriting policy.</u>

When an insurer asks for no information in regard to a certain matter during the application process, it is assumed that it regards the matter immaterial. *Cutter & Buck v. Genesis Ins. Co.,* 306 F. Supp. 2d 988 (W.D. Wa. 2004); *Uslife Credit Ins. Co. v. McAfee,* 29 Wash.App. 574, 577, 630 P.2d 450 (1981). The *Uslife* court, in creating a presumption of immateriality, was concerned with preventing post-claim underwriting, through which insurers use "20–20 vision of hindsight to seek out information to deny coverage that was not requested in the application process. *Karpenski v. Am. Gen. Life Companies, LLC*, 999 F. Supp. 2d 1235, 1249 (W.D. Wash. 2014).

Here, CIC has asserted that denial of the claim is proper because HJPE could not provide a serial number, proof of the value of the grader or proof of ownership of the grader. If CIC deemed this information material, it should have requested the information before issuing the policy. Instead, CIC has asserted that, because HJPE could not produce evidence of ownership after the fact, HJPE misrepresented ownership of the grader.

6. <u>HJPE is entitled to recover reasonable attorney fees and costs.</u>

When and insured is forced to engage in litigation to obtain the benefit of its insurance policy, the insured is entitled to recover the costs of litigation, including reasonable attorney fees. *Olympic S.S. Co., Inc. V. Centennial Ins. Co.*, 117 Wn. 2d 37, 811 P.2d 673 (1991). Should HJPE prevail on its claims, it is entitled to recovery attorney fees and costs.

DEFENDANT'S TRIAL BRIEF - 7

PHILLABAUM LEDLIN MATTHEWS
& SHELDON, PLLC
ATTORNEYS AT LAW
1235 NORTH POST STREET, SUITE 100
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 838-6055

## III.  CONCLUSION

The jury should be instructed on the law as outlined above.

DATED this 16th day of October, 2017

                               PHILLABAUM, LEDLIN, MATTHEWS
                               & SHELDON, PLLC

                               /S/ BRIAN S. SHELDON
                               Brian S. Sheldon, WSBA #32851
                               Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that on the 16th day of October, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all attorneys for record, including the following:

| | |
|---|---|
| Lloyd Bernstein | lloyd.bernstein@bullivant.com |
| Bryana Blessinger | bryana.blessinger@bullivant.com |
| Jacqueline Tokiko Mitchson | jackie.mitchson@bullivant.com |

                               /s/ SHANNAN SHELDON
                               Shannan Sheldon
                               Legal Assistant to Brian Sheldon

F:\Users\Shannan\HarryJohnson\PLD\Trial brief.wpd
#155022

DEFENDANT'S TRIAL BRIEF - 8

PHILLABAUM LEDLIN MATTHEWS
& SHELDON, PLLC
ATTORNEYS AT LAW
1235 NORTH POST STREET, SUITE 100
SPOKANE, WASHINGTON  99201
TELEPHONE (509) 838-6055