# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY,<br><br>　　Plaintiff/Counterclaim Defendant,<br><br>　　v.<br><br>HARRY JOHNSON PLUMBING & EXCAVATING CO., INC.,<br><br>　　Defendant/Counterclaimant. | Case No. 4:16-CV-5090-LRS<br><br>ORDER DENYING HJPE'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Harry Johnson Plumbing & Excavating Co., Inc.'s ("HJPE") Motion for Reconsideration (ECF No. 99) of the court's Order Granting Cincinnati Insurance Company's ("CIC") Motion for Partial Summary judgment entered September 29, 2017. CIC has responded in opposition and HJPE has replied. ECF Nos 115, 120. The matter is heard on an expedited basis without oral argument.

**I. Legal Standard**

Motions for reconsideration are generally disfavored and are considered "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). As neither Rule 54(b)

ORDER - 1

or this court's Local Rules provide a standard, typically, district courts will apply standards substantially similar to those used under Rule 59(e) and 60(b). "[A] Motion for Reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

Motions for reconsideration are not to re-hash arguments the court has already thought through, or present arguments or evidence for the first time which could reasonably have been raised earlier in the litigation. "Mere disagreement with a previous order is an insufficient basis for reconsideration," and "reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision." *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F.Supp.2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

**II. ANALYSIS**

HJPE's Motion for Reconsideration does not set forth a valid basis to reconsider the court's dismissal of HJPE's bad faith and state CPA and IFCA counterclaims. The court only briefly addresses several of the arguments raised.

HJPE contends the court improperly considered "new evidence" attached to CIC's Reply without affording HJPE the opportunity to respond. HJPE refers to the Declaration of Bryana Blessinger and reply statement of facts at ECF Nos. 76-77, which attached portions of CIC's claim file, excerpts of the deposition of Mark Johnson, and certain discovery including the Daily Inspection Reports. ECF No. 99 at 2-3. HJPE did not raise this issue at oral argument at the summary judgment, did not request the court exercise its discretion to grant HJPE leave to file a surreply, and did not argue this point as a basis for its Motion to Strike it filed on September 20, 2017 prior to the summary judgment hearing. HJPE's Motion to Strike was withdrawn (ECF No. 88). HJPE also has not identified any basis for striking the material other than the fact it was attached to the Reply. This court's Local Rules permit a reply by the movant to "dispute[]" or "clairif[y]" the responsive statement of facts, and thus, CIC, as the movant, is entitled to file the last document. *See* L.R. 56.1(c). In compliance with the Local Rule, CIC's reply statement set forth facts specifically directed at and responsive to argument and evidence in HJPE's Response. The three "Additional Facts" submitted by CIC in its Reply, ECF No. 77 at 11 (information from the deposition of HJPE's witnesses) were ultimately immaterial to the court's conclusion that HJPE had failed to meet its obligation to come forward with evidence that CIC had acted unreasonably.

///

Like its Response to the Motion for Summary Judgment, HJPE's Motion for Reconsideration attempts to parse CIC's denial of coverage into separate acts of alleged unreasonable behavior claiming that CIC unreasonably (1) denied coverage "based on lack of information that it should have obtained during the underwriting process;" and (2) "chose instead to deny the claim based on intentional misconduct" when it could have "denied the claim on the basis that HJPE did not adequately prove ownership of the 14H grader." ECF No. 120 at 4. The denial of coverage letter clearly states: "*Based on all the above*, CIC has concluded that HJPE *did not own a 14H Grader* at the time of the loss. Therefore CIC must deny coverage for HJPE's claim." ECF No. 71 at 133 (emphasis added). HJPE lacks evidence to support its contention that the denial of coverage was based on "suspicion or conjecture" or a "defense which a reasonable investigation would have proved to be without merit."

HJPE's claim that CIC will not succeed at trial on its coverage defense based upon breach of the "Concealment, Misrepresentation or Fraud" condition (at ECF No. 1 at ¶15) because the statements made by HJPE were "merely good faith mistakes," ECF No. 120 at 4, also does not preclude summary judgment. The court previously denied HJPE's early Motion for Summary Judgment pertaining to this particular defense. *See* ECF No. 26. HJPE has not furnished any evidence from which to conclude CIC's pleading in this lawsuit is evidence of bad faith. CIC and HJPE have the right to in good faith litigate disputed elements of coverage.

HJPE contends that because a jury could determine "that the testimony of Mark Johnson, Carol Johnson, and Pam Hardiman alone was sufficient evidence to prove ownership of the grader" it could also determine that "CIC's denial was unreasonable." ECF No. 99 at 4. This argument fails to recognize that prevailing on the breach of contract claim does not make CIC's actions bad faith or unreasonable per se. HJPE did not produce any evidence from which to conclude that CIC's continuation of the declaratory judgment action after obtaining certain testimony was ill-founded. *See* ECF No. 70 (HJPE's Statement of Facts).

HJPE's Motion for Reconsideration (**ECF No. 99**) is **DENIED**.

**IT IS SO ORDERED.**

DATED this 23rd day of October, 2017.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
Sr. U.S. District Court Judge